UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**DOUGLAS R. MILLER**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7770**<br>**MDD_DRMChambers@mdd.uscourts.gov** |

July 23, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:  *Eric S. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-2474-DRM

Dear Counsel:

On August 26, 2024, Plaintiff Eric S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF No. 8) and the parties' briefs (ECF Nos. 11, 13, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on April 25, 2022, alleging a disability onset of March 11, 2022. Tr. 196-205. Plaintiff's claims were denied initially and on reconsideration. Tr. 84-103, 109-19. On May 15, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 50-83. Following the hearing, on June 29, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 28-41. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II. **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security on August 26, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Eric S. v. Bisignano*
Civil No. 24-2474-DRM
July 23, 2025
Page 2

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since March 11, 2022, the alleged onset date."  Tr. 33.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "post-traumatic stress disorder (PTSD), major depressive disorder, recurrent dislocation of the left knee without fracture, and patellar instability status post left-knee reconstruction."  Tr. 33.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of obstructive sleep apnea; emphysema; history of tobacco and marijuana use; history of kidney stone vs. benign cyst; hypertension; hyperlipidemia; and obesity.  Tr. 33-34.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 35.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he can never climb ladders, ropes, or scaffolds.  He can occasionally climb ramps or stairs, kneel, and crawl.  He must avoid concentrated exposure to extreme cold, extreme heat, and irritants such as fumes, odors, dust and gases, poorly ventilated areas, and chemicals.  He must avoid all exposure to hazards such as dangerous moving machinery and unprotected heights.  He is capable of simple, routine, and repetitive tasks.  He is capable to occasional changes in the work setting.  He is capable of no interaction with the general public and occasional interaction co-workers and supervisors such that is capable of working with things rather than people.

Tr. 36.  The ALJ determined that Plaintiff was unable to perform past relevant work as a tractor trailer truck driver (DOT[3] #904.383-010); dump truck driver (DOT #902.683-010); material handler (DOT #929.680-03); and cement mason (DOT #844.364-010) but could perform other

---

[3] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

jobs that existed in significant numbers in the national economy.  Tr. 39-40.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 41.

### III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.     ANALYSIS

Plaintiff raises two arguments on appeal, specifically that (1) the ALJ's decision "runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)" and (2) the ALJ's RFC determination is unsupported by substantial evidence.  ECF No. 11, at 7-15; ECF No. 16, at 2-4.  As to Plaintiff's first argument, Plaintiff contends that because the ALJ found Plaintiff to have a moderate limitation in maintaining concentration, persistence, or pace ("CPP"), the ALJ needed to include a "corresponding limitation in [his] RFC assessment or explain why no such limitation [was] necessary."  ECF No. 11, at 7-12.  Defendant counters that (1) the ALJ properly accounted for Plaintiff's moderate CPP limitations when formulating Plaintiff's RFC and (2) substantial evidence supports the ALJ's RFC finding that Plaintiff remained capable of performing a range of light work.  ECF No. 13, at 6-20.

After carefully reviewing the record, the Court determines that the ALJ erred in assessing Plaintiff's RFC.  A claimant's RFC represents "the most [they] can still do despite [their] limitations."  20 C.F.R. § 416.945(a).  In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by function basis, how they affect [the claimant's] ability to work.'"  *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work."  20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).

Only after such an analysis may an ALJ express RFC in terms of the exertional level of work of which the ALJ believes the claimant to be capable.  *See Dowling v. Comm'r of Soc. Sec.*

*Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). As *Dowling* explained, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." 986 F.3d at 387 (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

Plaintiff argues that the ALJ failed to analyze Plaintiff's ability to perform the requirements of light work, and specifically, failed to assess Plaintiff's ability to perform "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." ECF No. 11, at 12-15 (citing SSR 83-10). The Court agrees that the ALJ committed reversible error by failing to explain how the evidence supports the RFC's implicit conclusion regarding Plaintiff's ability to walk and stand at a light exertional level.

The ALJ acknowledged that Plaintiff "noted problems with his lower left extremity. He dislocated his left knee on multiple occasions and required use of a knee brace." Tr. 37. The ALJ observed that Plaintiff had "a history of recurrent patella dislocation due to patella instability"; he "initially dislocated his knee in high school and sustained a second dislocation ten years later"; "he injured his left knee again in July 2022"; and an "x-ray demonstrated left patella dislocation without fracture." Tr. 37. The ALJ also noted that in August 2022, Plaintiff "reported intermittent left knee pain"; "was unable to bend over and touch his toes or squat"; "was able to walk on his heels and toes, perform tandem heel walking, get up and out of the chair without difficulty, and get on and off the examination table without difficulty"; he "had an abnormal and mildly limping gait"; he "ambulated with difficulty but without an assistance device"; he "had full strength and intact sensation in all extremities"; and he "had a normal range of motion in his cervical spine, lumbar spine, shoulders, elbows, wrists, hands, knees, hips, and ankles." Tr. 37. The ALJ further observed that Plaintiff "presented with an antalgic gait in the subsequent treatment record, but he had intact sensation and full strength in all extremities"; Plaintiff "had left knee ligament reconstruction surgery in December 2022"; and "subsequent treatment record indicates that [Plaintiff] was healing well and doing well postoperatively." Tr. 38.

The ALJ evaluated the opinions of three sources who assessed Plaintiff's physical limitations. The ALJ found the opinions of Dr. G. Albright and Dr. J. Lavin that Plaintiff "had nonsevere physical impairments" to be "partially persuasive." Tr. 38. The ALJ found that Drs. Albright and Lavin "supported their conclusions by citing to evidence of record, and this is partially consistent with the evidence of record." Tr. 38. The ALJ concluded that while some limitation was included in the RFC "based on [Plaintiff's] left knee surgery, examination findings reflecting full strength in all extremities and his doing well postoperatively demonstrates the capability to perform a reduced range of work activities." Tr. 38.

Next, the ALJ found that the opinion of Dr. N'Dama M. Bamba that Plaintiff "had a limited ability to bend and stoop and could frequently stand and walk is generally persuasive." Tr. 38. The ALJ determined that the "opinion reflects the capability to perform a reduced range of work activities, which is supported by Dr. Bamba's own examination where [Plaintiff] had a normal

range of motion and full strength in all extremities" and "consistent with the other evidence of record where [Plaintiff] had full strength in all extremities." Tr. 38-39.

The Court agrees with Plaintiff that the ALJ's RFC lacks the support of substantial evidence. Here, the ALJ limited Plaintiff to performing light work. Tr. 36. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, *a job is in this category when it requires a good deal of walking or standing*[.]" 20 C.F.R. § 404.1567(b) (emphasis added). "Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).

However, the ALJ found Dr. Bamba's opinion that Plaintiff "could frequently stand and walk" as "generally persuasive." Tr. 38. "'Frequent' means occurring from one-third to two-thirds of the workday." SSR 83-10, 1983 WL 31251, at *6. As such, standing or walking frequently (or at most two-thirds of the 8-hour workday) would correspond to an ability to stand or walk approximately 5 hours and 20 minutes in an 8-hour workday. Yet, a light work RFC involves standing or walking approximately 6 hours of an 8-hour workday. *See* SSR 83-10, 1983 WL 31251, at *6. The ALJ offered no explanation for this incongruity. Moreover, a careful review of Drs. Albright's and Lavin's opinions reveals that these medical opinions did not contain a function-by-function assessment of Plaintiff's physical limitations. *See* Tr. 85-93; 95-103. As such, the ALJ did not base the light work RFC finding on any opinions contained in the record. *Cf. Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004) ("The ALJ based his assessment of [the claimant's] RFC, in part, on the state examiner's function-by-function analysis[.] Thus, the ALJ employed the legal standard set forth in . . . SSR 96–8p in determining [the claimant's] RFC."). Further, the ALJ provided no analysis that would permit the Court to understand how they ultimately determined that Plaintiff could perform the standing and walking requirements of light work. Because these gaps in the ALJ's analysis "frustrate meaningful review" of the ALJ's decision, remand is "appropriate." *Mascio*, 780 F.3d at 636.

The Fourth Circuit has declined to adopt a *per se* rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis. *See Mascio*, 780 F.3d at 636. However, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate. *Dowling*, 986 F.3d at 389. Had the ALJ properly evaluated Plaintiff's ability to perform light work, including Plaintiff's ability to stand and walk, they may have found Plaintiff to possess greater limitations that, in turn, could have altered the ultimate disability determination in this case. *See* ECF No. 11, at 13-15 (noting that if Plaintiff were limited to a sedentary RFC, he would be found disabled under Medical Vocational Grid Rule 201.14). Thus, remand is warranted.

Because the case is being remanded on these grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court

*Eric S. v. Bisignano*
Civil No. 24-2474-DRM
July 23, 2025
Page 6

expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

### V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.


                              Sincerely,

                               /s/

                              Douglas R. Miller
                              United States Magistrate Judge